

**Signed and Filed: August 26, 2013**

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 13-31355DM |
| ARTHUR LEE WALKER, | ) |
| | ) |
| Debtor. | ) Chapter 13 |
| _____ | ) |

MEMORANDUM DECISION ON FAIR RENTAL VALUE
FOR PURPOSES OF ADEQUATE PROTECTION

Debtor, Arthur Lee Walker, is resisting relief from stay sought by Happy Ocean LLC and Post Apple LLC ("Movants"), who wish to proceed with an unlawful detainer action to obtain possession of property on Rhode Island Street in San Francisco (the "Property").

Debtor formerly owned the Property and continues to reside there. Movants purchased it at a foreclosure sale and Debtor contends that Movants and the foreclosing creditor conspired illegally regarding the sale and Movants' purchase. To that end Debtor has filed an action in the San Francisco Superior Court to recover the Property.

The policy of this court in this type of situation is to keep the automatic stay in effect while a challenge brought by Debtor is pending and being prosecuted so long as adequate protection in

-1-

the form of reasonable rental value is paid.  This ensures that parties such as Movants will not bear all of the economic risk that Debtor's attack on the sale will be unsuccessful.  It ensures that the challenging party with have some "skin in the game."  <u>In re Aniel</u>, 427 B.R. 811, 812 (Bankr. N.D. Cal 2010).

Here the parties have submitted declarations supporting their respective positions on the fair rental value of the Property and have asked the court to make the ultimate factual determination, at least for purposes of the adequate protection.  They have waived all objections to the qualifications of the declarants, the admissibility of the testimony and their right of cross-examination.

The court's task is not easy, as usually cross-examination of witnesses opining on real estate values (whether market value or fair rental value) brings out the critical differences that so often affect the final value determination, such as condition, view, location, amenities, neighborhood, etc.  Nevertheless, the parties are being practical by not engaging in litigation where the expense would dwarf likely the amounts at stake.

Faced with the challenge of considering only the material submitted, the court finds that the fair rental value of the Property, for the purposes of fixing the monthly adequate protection Debtor must pay while his Superior Court action is pending, is $5,200.

The critical factors that lead the court to reach this determination are: the Property is a single family residence compared to apartments, flats and condos; the location of, and views from, the Property are favorable compared with others relied

Case: 13-31355    Doc# 31    Filed: 08/26/13    Entered: 08/27/13 11:17:04    Page 2 of 3

on by Debtor; the presence of a second bathroom and second parking space, compared to one of each with other properties, is significant.

The court notes in particular that Debtor's Zillow printout for the Property shows a "Rent Zestimate" with a maximum of several hundred dollars more than $5,200.

Movants' comparables attached to Sheng Dong's declaration (Dkt. No. 21-2), with one exception, are considerably larger than the Property, and the three bedroom, two bath somewhat smaller house on Carolina Street has impressive features such as a hot tub, a remodeled kitchen, a wine cellar and a lovely garden, all of which no doubt support a rental value of several hundred dollars more.

Finally, the court notes that Mr. Anderson, Movants' listing agent, while discrediting some of Debtor's comparables, merely stated that he had reviewed Movants' comparables, not that he adopted them.

Counsel for Movants should serve and upload an adequate order calling for Debtor to make payments of $5,200 per month beginning late in September, subject to the court's usual provisions for ten-day default notice and relief from stay upon default.

***END OF MEMORANDUM DECISION***

Case: 13-31355    Doc# 31    Filed: 08/26/13    Entered: 08/27/13 11:17:04    Page 3 of 3